D&F



WWW.RIVKINRADLER.COM

JOHN K. DIVINEY
PARTNER
(516) 357-3234
john.diviney@rivkin.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/12
```

May 10, 2012

*VIA E.C.F.*

Hon. Judge Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   *Gonzalez v. Yallos Rest., Inc d/b/a Renaissance Diner and Michael Lagudis*
            *Index No. 11 Civ. 1757*

Dear Judge Furman:

    This office represents Defendants herein, and we submit this letter in response to this Court's Order dated April 30, 2012 asking, *inter alia*, for our position on the fairness of the parties' settlement. See, *e.g.*, Elliot v. Allstate Investigations, Inc., No. 07 Civ. 6078 (DLC) 2008 WL 728648 at 1-2 (S.D.N.Y. 2008) As more fully set forth below, Defendants contend the settlement is a fair and equitable resolution of the Plaintiff's claims.

    In *Elliott*, the court identified a number of factors to consider when evaluating the fairness and appropriateness of a proposed FLSA settlement. These include whether a *bona fide* factual and legal dispute exists between the parties; whether plaintiff has documented evidence to support his claim; and whether he is represented by counsel as plaintiff. A number of issues support the findings that the settlement is from this Action.

    First, Plaintiff's claim is asserted in his individual capacity. There exists no collective or class action claim asserted by Plaintiff. In addition, Plaintiff agrees he only worked for Defendants for a few short weeks limiting the scope of the claim.

    This action was settled prior to Defendants' submitting their formal answer, yet Defendant disputes Plaintiff's claims as presented in the complaint. Here, there exist several factual issues in

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Hon. Judge Jesse M. Furman
May 10, 2012
Page 2 of 2

---

dispute between the parties. Defendants claim Plaintiff worked as a delivery person and received tips. As a tipped employee, Defendants are entitled to take a tip credit with respect to any overtime obligation. Defendants also contend Plaintiff did not work as many hours as he claims in his complaint and did not actually work in excess of 40 hours a week. Defendants are prepared to present evidence to support these defenses. Defendants understand Plaintiff contests these defenses, yet Defendants also do not believe Plaintiff has any documentary evidence to support the claims he raises in his complaint. It is Defendants' contention that Plaintiff would not be able to establish his claim for overtime or, at the very least, the settlement amount was well in excess of the amount he could have proven was due him at trial, plus any liquidated damages.

In short, a genuine dispute over the factual and legal issue exists with respect to Plaintiff's claims. Defendants settled this claim quickly as a compromise because as it concluded that as Plaintiff worked for such a short time, proving Defendants' defenses would have been far more costly than settling the claim. In this context, Defendants respectfully contends the settlement is fair and reasonable and should be approved per the *Elliot* factors.

Lastly, the Court requested comments concerning the confidentiality of the settlement agreement. While Defendants respectfully note that there seems to be very little public interest in a small settlement of a single "wage" claim of a single employee, Defendants have no objection to the proposed settlement agreement being part of the record of the motion submitted for approval. Defendants further contend the independent representation within the agreement that Plaintiff himself will maintain confidentiality is reasonable and enforceable, independent of the fact that the agreement may be part of the record.

Respectfully submitted,

RIVKIN RADLER LLP

John K. Diviney

JKD:jav
Enclosure

2612973 v1